UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                     Case Nos. 12-20847, 16-10856

VINCENT JOSEPH SOLOMON,                      HON. AVERN COHN[1]

    Defendant/Petitioner.

_____/

## MEMORANDUM AND ORDER
## DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
## AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

I. Introduction

This is a criminal case. Defendant/Petitioner Vincent Joseph Solomon (Petitioner), proceeding pro se, plead guilty to possessing and receiving child pornography, in violation of 18 U.S.C.§ 2252A(a)(2) and 18 U.S.C. § 2252A(a)(5)(B).[2] Petitioner received a below-guideline sentence of 120 months and one-day. His conviction and sentence were affirmed on appeal.

Before the Court is Petitioner's motion under 28 U.S.C. § 2255 in which he claims (1) factual errors in his presentence report, (2) improper waiver of objections to the presentence report, (3) improper bond condition, (4) ineffective assistance of

---

[1]This case was recently reassigned to the undersigned upon the retirement of Judge Gerald E. Rosen pursuant to Administrative Order 16-024.

[2]Petitioner plead guilty without a Rule 11 agreement apparently because the government and Petitioner were unable to agree on forfeiture.

counsel, and (5) failure of the government to file a motion for downward departure. The government contends that the motion should be denied because (1) it seeks to re-litigate several issues that were raised and considered on direct appeal, (2) other issues are procedurally defaulted, and (3) the claims, particularly ineffective assistance of counsel, lack merit.

For the reasons that follow, the motion will be denied.[3]

## II. Background

At his plea hearing, Petitioner acknowledged that he was satisfied with his attorney's representation. (Doc. 49, Plea Hearing Tr., Page ID 331). Petitioner also acknowledged that he did not execute a Rule 11 plea agreement because, despite months of negotiations, the parties could not come to an agreement regarding forfeiture. Id. Page ID 324.

At sentencing,[4] Petitioner admitted his guilt. During the sentencing hearing, the parties also acknowledged that all guideline disputes had been resolved. (Doc. 50, Sentencing Tr., Page ID 356-57). Thereafter, the Court explained that views on child pornography were well known and had "very serious concerns about the [child

---

[3]Petitioner did not specifically request an evidentiary hearing; he essentially asks for resentencing based on his claims. Under 28 U.S.C. § 2255(b), evidentiary hearings are not required if "the motion and the files and records of the case conclusively show that prisoner is entitled to no relief." Because the record conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is unnecessary; the Court will rule based on the briefs submitted.

[4]The government explains that after Petitioner pled guilty, sentencing was delayed for nearly a year in order to allow Petitioner to have a psycho-sexual report prepared and to address questions regarding several of the guideline enhancements scored by the Probation Department and/or forfeiture.

2

pornography guideline] enhancements." Id. Page ID 361, 394. The Court calculated Petitioner's base offense level as 22 with the following enhancements: two levels for material involving prepubescent minors or those under the age of twelve, two levels because the offense involved distribution through peer-to-peer file sharing, four levels for material portraying sadistic or masochistic conduct or other depictions of violence, and five levels because the offense involved 600 or more images.[5] After argument, the Court did not apply the two-level enhancement for the "use of a computer." With a three-level reduction of acceptance of responsibility, Petitioner's total offense level was 32. With a criminal history of category I, the Court calculated Petitioner's guideline range of 121 to 151 months.[6]

The Court then addressed Petitioner's non-guideline objections, rejecting them. Ultimately, as noted above, Petitioner received a 120 month and 1 day sentence. Petitioner appealed and was appointed new counsel on appeal. Appellate counsel filed a brief and a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). Counsel raised the following claims: (1) whether Petitioner's plea was voluntary, (2) whether trial counsel was ineffective in not objecting to a bond condition, not pursuing at the sentencing hearing objections that Petitioner himself had filed, and not objecting to factual errors in the presentence report as to the number of images, and (3) whether the government improperly refused to file a motion for downward departure based on

---

[5]Petitioner had an extensive collection which was meticulously categorized and included thousands of images and videos. Petitioner also had images of a minor girl from the Philippines that he befriended online.

[6]The presentence report calculated a guidelines range of 151 to 188 months.

3

substantial assistance. The Court of Appeals for the Sixth Circuit rejected each claim, affirming Petitioner's conviction and sentence. United States v. Solomon, No. 14-1924 (6th Cir. Mar. 10, 2015).

Petitioner subsequently filed the instant motion.

### III. Legal Standard
28 U.S.C. § 2255:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

As "[§] 2255 is not a substitute for a direct appeal," Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief, Frady, 456 U.S. at 166. Though non-constitutional errors are generally outside the scope of § 2255 relief, see United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging

non-constitutional error "by establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process,' " Watson, 165 F.3d at 488 (internal quotation marks omitted) (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)). Accordingly, alleged sentencing errors, including the proper application of the guidelines, "does not warrant collateral relief under § 2255 absent a complete miscarriage of justice." Jones, 178 F.3d at 796.

Petitioner has raised allegations of ineffective assistance of counsel which may be raised for the first time in a § 2255 motion. Massaro v. United States, 538 U.S. 500, 508–09 (2003). To establish ineffective assistance of counsel under the Sixth Amendment, Petitioner must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Petitioner must first show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. A court must afford defense attorneys "wide latitude" and, in analyzing their conduct under the Sixth Amendment, must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Defense counsel are entitled to a "strong presumption" that they made "all significant decisions in the exercise of reasonable professional judgment." Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011).

If Petitioner succeeds in proving deficient performance, he must next show that the deficient performance was prejudicial. Prejudice requires more than "some

conceivable effect on the outcome of the proceeding," Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94.

IV. Analysis

A. Claim 1 - Errors in Presentence Report

' In his first claim, Petitioner says he was prejudiced by a factual error in the presentence report. Specifically, he claims that the presentence report erroneously stated that his child pornography collection included 1,933 images involving bestiality when, in fact, nearly all of these images were adult, rather than child pornography.2 He avers that this "surely affected the final outcome of sentencing." (Doc. 55, § 2255 Petition, Page Id. 437-38). The government appears to agree with Petitioner that the presentence report categorized the bestiality images are child pornography when only two items of child pornography also involved bestiality.

The government says this claim fails for several reasons. First, the government says that any substantive challenge to the content of the presentence report is procedurally defaulted because it was not raised on direct appeal. The Court agrees. Although appellate counsel referenced an alleged "missed" objection regarding the bestiality images on page 25 of his Anders Brief, he did so in the context of purported ineffective assistance of counsel. Appellate counsel never argued, as a substantive matter, that Petitioner was entitled to resentencing based on an error in the presentence report. As such, the claim is defaulted.

Moreover, to the extent Petitioner says that appellate or trial counsel was ineffective for failing to raise this issue, the claim still fails. The documents Petitioner

6

attached to his motion show that trial counsel immediately informed the Probation Department of Petitioner's objection—trial counsel communicated the objection to the Probation Officer, via telephone and letter, as soon as it was brought to his attention. Thus, the objection was presented. Even assuming trial counsel or appellate were deficient, Petitioner cannot show prejudice. The bestiality images were not referenced at sentencing and there is nothing in the record to indicate they were considered by the Court in imposing a below guideline sentence. Petitioner is not entitled to relief on this claim.

### B. Claim II - Missed Objections to the Presentence Report

In his second claim, Petitioner contends that all of his objections to the presentence report were improperly dropped by trial counsel without his knowledge or consent. The alleged objections include: (1) his objection to the 2-point catch-all distribution enhancement set forth at U.S.S.G. § 2G2.2(b)(3)(F); (2) a false statement in the presentence report regarding the age of the girl in the Philippines who Petitioner befriended online; and (3) a false allegation that a computer Petitioner borrowed from his sister contained child pornography. Petitioner says he is entitled to a resentencing after correction of these alleged errors.

Petitioner is not entitled to relief on this claim. First, Petitioner did not raise these errors on direct appeal. As such, his substantive challenge to the content of the presentence report has been procedurally defaulted. Second, to the extent Petitioner is alleging ineffective assistance of counsel, the claim also fails. With respect to the 2-point distribution enhancement, the Sixth Circuit has consistently held that the knowing use of a peer-to-peer file sharing program is enough, by itself, to trigger the

7

catchall two-level enhancement under U.S.S.G. § 2G2.2(b)(3)F).  United States v. Pirosko, 787 F.3d 358, 369 (6th Cir. 2015) (citing United States v. Conner, 521 F. App'x 493, 500 (6th Cir. 2013)).  Thus, trial counsel was not deficient in this regard.  The remaining objections were brought to the attention of the Court via written objections.  None of these objections were waived.  At the sentencing hearing, Petitioner repeated his objections during allocution, including his denial that the computer he borrowed from his sister had child pornography on it.  Further, there is nothing in the record that would indicate that the Court relied, in any manner, on the girl's age or the content of the computer Solomon borrowed from his sister, especially given the downward variance and below guideline sentence imposed by the Court.  As such, Petitioner cannot show deficient performance or prejudice by trial counsel with respect to these objections.

      C.  Claims III - Bond Condition and Claim V - Downward Departure

In Claim III, Petitioner says that the magistrate judge improperly imposed a bond condition that barred him from using a computer.  In Claim V, Petitioner says that the government should have filed a § 5K1.1 motion for substantial assistance downward departure.  Both claims were raised on appeal and rejected by the Sixth Circuit.  Regarding the bond restriction, the Sixth Circuit agreed with the Court that any pretrial restriction was moot.  As to the downward departure, the Sixth Circuit applied well-established law holding that absent an unconstitutional motive, a court cannot review the government's decision not to file a motion for downward departure.  As noted above, Petitioner cannot use section 2255 to re-litigate issues that was already raised and considered on direct appeal absent highly exceptional circumstances, none of which are present here.  Moreover, Petitioner cannot establish that trial or appellate counsel were

8

ineffective in their performance as the issues were raised, but rejected, by the Court and the Sixth Circuit.  Overall, Petitioner is not entitled to relief on Claim III or Claim V.

### D.  Claim IV - Ineffective Assistance of Counsel

For Petitioner's ineffective assistance of counsel claims, he essentially relies on the alleged errors that compromise Claims I, II, III, and V.  As explained above, Petitioner cannot show trial or appellate counsel were ineffective based on these alleged errors.

The only new allegation is that trial counsel failed to adequately question the child-pornography guidelines during sentencing.  Petitioner contends that trial counsel failed to argue that the guidelines were the product of politics (rather than empirical data and reasoning) and that many courts have found the guidelines to be excessive.  Petitioner is mistaken.  Trial counsel filed a detailed sentencing memorandum which contained the argument that the guideline range was too harsh, that numerous courts have questioned the child pornography guidelines, that many of the enhancements are universally applied in every case, and that the guidelines were not based on empirical data, do not reflect the expertise of the Sentencing Commission, and were added with little debate.  See Doc. 35, Page ID 96-101.  Thus, trial counsel cannot be said to have rendered deficient performance.

Even assuming trial counsel fell short, Petitioner cannot show prejudice, i.e. that his sentence would have been different.  At sentencing, the Court expressed its own concern that over the guidelines.  Indeed, the Court declined to apply the computer enhancement and imposed a below-guideline sentence.

Finally, Petitioner raises a vague, general criticism that counsel was often

"unresponsive" and that he had not met "in person" with counsel for approximately 8 months at the time of sentencing. Petitioner seeks to be resentenced as a result. These vague and unsupported allegations are insufficient. See Short v. United States, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that when "claims are stated in the form of conclusions without any allegations of fact in support thereof," a § 2255 motion "is legally insufficient to sustain a review."). Moreover, Petitioner cannot show prejudice, i.e. that but for trial counsel's conduct, his sentence would have been different. Petitioner is not entitled to relief.

V. Conclusion

For the reasons stated above, Petitioner has not demonstrated that he is entitled to relief under § 2255. Accordingly, the motion is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[7] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 27, 2017
     Detroit, Michigan

---

[7]The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.